**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:13-CV-00142-RLC-DSC**

| | |
|---|---|
| WW HEALTHCARE CONSULTANTS, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>LINTECH, LLC, )<br>)<br>Defendants. )<br>) | **ORDER GRANTING MOTION TO DISMISS ON 12(b)(3)** |

**THIS MATTER** is before the Court on Defendant Lintech, LLC's Motion to Dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure and Local Rules 5.2.1(c) and 7.1 filed December 9, 2013. For the reasons set forth therein, the Motion will be **GRANTED**.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

In November of 2011, WW Healthcare Consultants ("Plaintiff") entered into a Software Licensing Agreement and a Training and Software Maintenance Agreement (collectively, the "Agreement") with Lintech, LLC ("Defendant"). The Agreement provided that Defendant would install and maintain a software system in Plaintiff's six business facilities to streamline Plaintiff's business operations. The Agreement contained a forum selection clause that stated: "Jurisdiction for any dispute hereunder shall lie only in the federal or state courts located in the State of New Jersey." (Doc. 12-1 at 3, ¶ 5.2; Doc. At 6, ¶ 16.2).

On October 16, 2013, Plaintiff filed this suit in the United States District Court for the Western District of North Carolina alleging six causes of action for fraud in the inducement,

1

fraud and intentional misrepresentation, negligent misrepresentation, breach of contract, conversion, and unjust enrichment.

On December 9, 2013, Defendant filed a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. Defendant claims that the forum selection clause is mandatory, providing that any dispute shall be litigated in the federal or state courts located in the State of New Jersey. Plaintiff maintains that the forum selection clause is permissive and that the Western District of North Carolina is the proper venue under 28 U.S.C. §1391(b).

Plaintiff is a North Carolina company with its principal place of business in Hickory, Catawba County, North Carolina with additional locations in Florida, Kentucky and Illinois. (Doc. 1 at 1). Defendant is a Delaware company with its principal place of business in New Jersey. *Id.* Under 28 U.S.C. §1332(c)(1) a corporation is a citizen of every state in which it is incorporated and where it has its principal place of business. This Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332, because the action involves citizens of different states and the amount in controversy exceeds $75,000.

## II. LEGAL STANDARD

The Fourth Circuit has held that, "a motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue." *Gita Sports Ltd. v. SG Sensortechnik GmbH & Co. KG*, 560 F. Supp.2d 432, 435 (W.D.N.C. 2008) (citing *Sucampo Pharm., Inc. v. Astellas Pharm., Inc.,* 471 F.3d 544, 550 (4th Cir. 2006). Thus, under Rule 12(b)(3), a case may be dismissed for improper venue based on a forum selection clause. *Id.* at 435.

### III. DISCUSSION

The Court must determine (1) whether the forum-selection clause is reasonable and therefore valid and enforceable; and (2) if the clause is reasonable, whether it is mandatory or permissive. A forum selection clause is presumed valid and should be enforced unless it is found to be unreasonable. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996); *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause is unreasonable if (1) its formation was induced by fraud or overreaching; (2) the complaining party would for all practical purposes be deprived of his day in court because of grave inconvenience or unfairness of selected forum; (3) the fundamental fairness of the chosen law may deprive the plaintiff of a remedy; or (4) the enforcement would contravene strong public policy of the forum state. *Baker v. Adidas Am., Inc.* 334 Fed. App. 356, 360 (4th Cir. 2009); *Allen*, 94 F.3d at 928; *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).

#### a. Validity of Forum Selection Clause

Here, Plaintiff has not shown that the forum selection clause is unreasonable; therefore, it is valid and must be enforced. First, the formation of the agreement was not induced by fraud or overreaching. Both parties are professional companies that engaged in approximately nine months of negotiations prior to entering the Agreement. (Doc. 15 at 2). Further, Plaintiff has presented no evidence to indicate that the parties possessed unequal bargaining power. *See AC Controls Co., Inc. v. Pomeroy Computer Res., Inc.* 284 F.Supp.2d 357, 360 (W.D.N.C. 2003) (holding that neither party possessed superior bargaining power and that the forum selection clause was enforceable.) Finally, the forum selection clause was bargained for and explicitly stated in a stand-alone paragraph in the Agreement. This placement lacks any signs of fraud and

is a clear expression of the parties' intentions as to the desired forum. *Bremen*, 407 U.S. at 12 (stating that "it is important to give effect to the parties' expectations so that confidence in contract formation is maintained.")

Second, Plaintiff would not be deprived of Plaintiff's day in court because of grave inconvenience or unfairness of selected forum. In order to establish unreasonableness, the party opposing the enforcement of the forum selection clause has a heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would be denied a meaningful day in court. *Bremen*, 407 U.S. 1, 18 (1972). Plaintiff claims that bringing a large number of witnesses to testify at trial in New Jersey would place an extraordinary burden on Plaintiff by removing necessary personnel from Plaintiff's business. However, this Court has concluded that, "[I]n a diversity case, whichever forum is ultimately selected will inevitably burden one side or the other by requiring them to bring themselves and their witnesses from another state." *AC Controls Co.,* 284 F.Supp.2d at 361-62; *Brock v. Entre Computer Centers, Inc.*, 933 F.2d 1253, 1258 (4th Cir. 1991). Further, the burden of litigating in a distant forum was inevitably calculated as part of the consideration paid under the Agreement. *Gita Sports*, 560 F.Supp.2d at 439. Therefore, Plaintiff has not shown that the burden of litigating in New Jersey would deprive the Plaintiff of its day in court because of grave inconvenience or unfairness.

Third, the fundamental fairness of the chosen law will not deprive Plaintiff of a remedy. Plaintiff has made no showing that the remedies available in this Court are unavailable in New Jersey.

Fourth, the enforcement of the forum selection clause does contravene a strong public policy of the forum state. North Carolina General Statute §22B-3 states, "any provision in a

contract entered into in North Carolina that requires the prosecution of any action…that arises from the contract to be instituted or heard in another state is against public policy and is void and unenforceable." N.C. Gen Stat. § 22B-3.  Most of the business and in person meetings between the parties was conducted in North Carolina; therefore, a substantial part of the events giving rise to the claims of fraud in the inducement, fraud and negligent misrepresentation occurred in North Carolina.

However in *Allen*, the Fourth Circuit enforced the forum selection clause, although it violated public policy. *Allen,* 94 F.3d at 928.  This Court has also supported the *Allen* decision, and Supreme Court precedent in *Stewart*, by enforcing a forum selection clause although it contravened public policy: "[A]fter *Stewart*, the fact that the forum selection clause violated the public policy of North Carolina is not by and of itself sufficient to render the clause unreasonable." *Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 242 (W.D.N.C. 2008) (citing *James C. Greene Co. v. Great Am. E & S Ins. Co.*, 321 F.Supp.2d 717, 721 (E.D.N.C. 2004); *See Rice v. Bellsouth Adver. & Pub. Corp.*, 240 F.Supp.2d 526, 528 (W.D.N.C. 2002) (finding that complete reliance on the public policy of the forum, when the other factors favor enforcement, is "misplaced").

Therefore, because Plaintiff has failed to show that any of the four factors provided by *Allen* support a finding of unreasonableness, this Court finds that the forum selection clause is valid and enforceable.

### b. Type of Forum Selection Clause: Mandatory or Permissive

Here, the forum selection clause contained in the Agreement is mandatory.  A mandatory clause gives the designated forum exclusive jurisdiction over any dispute, where a permissive

clause confers jurisdiction over the parties within the designated forum, but not necessarily exclusive jurisdiction. *Gita Sports*, 560 F. Supp.2d at 436; *S. Farm Supply v. Arctic Cat Sales*, No. 5:09-cv-90, 2011 WL 2791247 at *2 (W.D.N.C. July 14, 2011); *S & D Coffee, Inc. v. GEI Autowrappers,* 995 F. Supp. 607, 609 (M.D.N.C.1997). A forum selection clause is presumed permissive unless, "[s]ome further language that indicates the parties' intent to make jurisdiction exclusive" is present in the forum selection clause. *Scotland Mem'l Hosp., Inc., v. Integrated Informatics, Inc.*, No. Civ. 1:02-cv-796, 2003 WL 151852, at *3-4 (M.D.N.C. Jan. 8, 2003).

Plaintiff argues that the absence of the word "venue" in the pivotal language is decisive. Indeed, a crucial distinction between a mandatory clause and a permissive clause, "is whether the clause only mentions jurisdiction or specifically refers to venue." *Id*; *Sterling Forest Assocs., Ltd. v. Barnett-Range Corp.*, 840 F.2d 249 (4th Cir. 1988) *overruled on other grounds*, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989) (finding that the forum selection clause — "the parties agree that in any dispute jurisdiction and venue shall be in California" — was mandatory, because a permissive reading would make the clause "meaningless and redundant"); *Gita Sports*, 560 F.Supp.2d at 435 (concluding that the specific reference to venue made the clause mandatory); *See Scotland Mem'l*, 2003 WL 151852, at *3-4 (M.D.N.C. 2008) (finding that the specific reference to venue, "venue will be the courts in Atlanta, Georgia," indicated intent; and therefore, the clause was mandatory). However, even when a forum selection clause does not specifically refer to venue, a clause will be deemed mandatory where it includes, "some further language that indicated the parties' intent to make jurisdiction exclusive." *Gita Sports*, 560 F.Supp.2d at 436; *See Scotland Mem'l*, 2003 U.S. Dist. WL 1518527, at *4. Language, such as "exclusive", "sole", and "only," indicates the parties' intent to make jurisdiction exclusive, and

forum-selection clauses containing such language will be construed as mandatory. *See Scotland Mem'l* at *4.

The Fourth Circuit enforced a forum selection clause that provided, "[*a*]*ll* claims, disputes and other matters in question between OWNER and CONTRACTOR arising out of, or relating to the Contract Documents or the breach thereof…*shall* be decided by the Circuit Court of the City of Fredericksburg." *Bryant Elec. Co. v. Fredericksburg*, 762 F2d. 1192, 1196 (4th Cir. 1985) (emphasis added). In *Southern Farm Supply*, this Court found a forum selection clause mandatory that stated, "[*any*] claim, action, or other dispute between the parties as to the terms of the Agreement … or as to any other matter arising out [of] the parties' relationship, *shall* be resolved by the State or Federal Courts of the State of Minnesota." 2011 WL 2791247 at *2 (emphasis added). This Court held that the forum selection clause was mandatory, because the exclusive language of "any" and "shall" indicated specific intent for venue in Minnesota. *Id.* Similarly, the forum selection clause at issue in this matter uses exclusive language, such as shall, any, and only. This language demonstrates the parties' specific intent for proper venue to be in New Jersey.

Furthermore, in support of this finding of the parties' specific intent, under § 5.6 of the Agreement, Plaintiff made all payments to New Jersey, and under § 4 Customer Responsibilities, Plaintiff made maintenance assistance calls to New Jersey. Plaintiff was also aware of Defendant's location in New Jersey, because Defendant's address was clearly stated throughout the Agreement. Finally, although the Licensing Agreement initially provided for the system to be located in the office in Hickory, North Carolina, peripheral units were licensed to be installed at nine of Plaintiff's facilities including one in Florida and Kentucky, four in Illinois, and three in North Carolina. Moreover, the decision to provide a mandatory forum selection clause

7

presumably served the interests of the parties, in that it removed the need to resolve the question of appropriate venue in the event of dispute arising under the Agreement. Given the parties' expression of intent in the forum selection clause and the Agreement as a whole, the Court finds it imperative to give effect to the specific intent and expectations of the parties. *See Bremen*, 407 U.S. at 12. The Court finds the forum selection clause in the Agreement to be mandatory.

### IV. CONCLUSION

This Court concludes that the forum selection clause is enforceable. First, the clause is reasonable, because there was no fraud or overreaching, neither party would be gravely inconvenienced or denied its day in court, New Jersey is not a fundamentally unfair forum, and although North Carolina does have a strong public policy against enforcement of forum selection clauses, public policy alone is not enough to render the clause unreasonable. Second, the language of the clause indicates that it is a mandatory forum selection clause. Ultimately, the Court determines that the mandatory clause is valid and enforceable.

### V. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant Lintech's Motion To Dismiss For Improper Venue is hereby **GRANTED.**

Signed: July 17, 2014

Richard L. Voorhees
United States District Judge